## Commonwealth v. Smith

*James C. Blackman*, for Commonwealth.
*Philip F. Jacobus*, for defendant.

WOLFE, *P.J.*, June 21, 1978—Defendant has been charged with burglary. Without the assistance of counsel defendant did, on May 26, 1978, execute an affidavit waiving a counselled preliminary hearing in the District Magistrate Court in the following manner:

### "AFFIDAVIT OF RIGHT

"I, Terry Ray Smith defendant, acknowledge that I have been informed of my right to bail, of the nature of the bail, how I may secure bail, and if I so desire, to select a bail bondsman of my choice providing the bondsman is licensed in the herein named County, and have been given the opportunity to secure bail. I have been told of my right to remain silent and that anything I may say will be held against me in Court. I have been told of my right to a preliminary hearing if I so desire to have one.

S/Terry Ray Smith 5/26/78
Defendant

### "WAIVER OF COUNSEL

"AND NOW, to-wit, this 26th day of May, 1978 after having been advised of my right to remain silent how I may secure bail and having been further informed that any statement made by me may be used against me and that I may be represented by a lawyer at these or any further proceed-

ings and the right to the Public Defender without charge to me. Believing I am of sound mind and mentally competent, I voluntarily and knowingly waive my right to counsel at these proceedings.

S/James W. Neall Lt.    S/Terry Ray Smith
      Witness             Defendant
5/26/78"

Defendant has now retained counsel and a petition has been filed with us to remand the proceedings to the district magistrate level for a preliminary hearing. Defendant now argues, notwithstanding he waived this right, he did not have counsel at the time and did not have the advantage of a counselled advice as to the effect of the waiver and therefore did not make a knowing and intelligent waiver of his rights. Defendant alleges if no preliminary hearing is held on the basis of his waiver he will be denied due process of law under the United States Constitution and of his rights under the Pennsylvania Rules of Criminal Procedure; additionally, defendant advances in order "to adequately prepare a defense in the event of trial a preliminary hearing is necessary to acquaint defendant and his attorney with the exact nature of the charges and the evidence against him so that counsel may be adequately and properly prepared in the representation of the defendant."

Customarily this court as well as other courts have automatically remanded for a preliminary hearing despite a waiver upon request of counsel and especially so when the district attorney has not opposed the remand.

Defendant has not alleged any reason that would compel us to grant the relief. Defendant merely alleges a remand would be convenient for him and his counsel to learn the evidence the Commonwealth may harbor against him. Defendant does not allege that he in any way was incompetent or that he was not fully advised of his rights and the effect of waiver of those rights by the district magistrate. In essence, defendant merely complains that he did not realize the importance of having counsel present at that time and allegedly did not therefore make an intelligent waiver. We cannot accept this on the face of the record. The district magistrate is compelled to advise defendant of the charge against him, and to advise defendant of his constitutional rights thereon, which would include a right to a counselled preliminary hearing. There is no allegation the magistrate failed to do this or that any force or intimidation or fraud was exercised upon him.

We believe a more compelling reason to deny the motion is the recent amendments of the Rules of Criminal Procedure, to-wit, Rule 304 governing bills of particulars, Rule 305 governing pre-trial discovery and inspection, Rule 306 governing omnibus pre-trial relief and the other appropriate rules that provide a procedural tool to defendant to glean information he desires in preparation for trial.

Merely to remand a case for the convenience of counsel to prepare for trial is not sufficient grounds in our opinion to grant the petition and we therefore enter the following

## ORDER

And now, June 21, 1978, the petition for remand is denied.